# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2012

No. 12-50224
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KALUB DOYLE, JR.,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:95-CR-104-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Kalub Doyle, Jr., federal prisoner # 56795-079, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's ruling on his 18 U.S.C. § 3582(c)(2) motion seeking modification of his sentence for possession with the intent to distribute 50 grams or more of crack cocaine. The district court granted Doyle's § 3582(c)(2) motion, reduced his total offense level by two levels pursuant to Amendment 750 to the Sentencing Guidelines, and modified his sentence to 292 months of imprisonment. By moving to proceed IFP, Doyle is challenging

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Doyle argues that in granting relief under § 3582(c)(2), the district court erred in its determination of the base offense level. He asserts that under Amendment 750, his base offense level should have been 32 and that the district court sentenced him using a base offense level of 34. Thus, he contends that the district court considered the incorrect guidelines range when imposing the 292-month sentence and seeks remand for consideration of the appropriate range.

The assertion by Doyle that the district court employed a base offense level of 34 is incorrect. The district court calculated the guidelines range with a *total* offense level of 34, which resulted from a base offense level of 32 plus the addition of the two-level enhancement for possessing a firearm, and a Category V criminal history score. Doyle's 292-month sentence is within that range.

Doyle has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his IFP motion is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.